Chancellor James
delivered the following decree :
In the argument of this case the court suffered the gentlemen concerned, on both sides, to go into evidence as to some defects which they alleged to bo in certain judgments and executions under which they respectively claimed. But after it was found that such alleged defects were merely formal, and did not affect the gist of the question, the court then refused to go any further into them, as being proper for the consideration of a couitfc of law alone. It is possible that a question may aviso in equity in which it would be necessary to examine with great care, proceedings in the court of common picas : but when that is the case, I apprehend that such examination will not extend itself to form, but must be confined to substancia 'When the present question comes *204 thus to be divested of the darkness in which it vas in* volved, its true character may be plainly discerned. A short statement will disclose its merits.
On the 20th November 1789, a bond ivas entered into by Henry Felder, now deceased, but against whom this bill was originally filed, to make titles to Charles S. Middleton for certain tracts of land in bill mentioned. At the time the bond was so made by Henry Felder, Charles S. Middleton paid him SOL 10s. in part payment of said lands, and gave his bond for the remainder. Afterwards, in the year 1792, the said Charles S. Middleton died ; and in the year 1802, the said Henry Felder still holding the said bond of the said Charles S. Middleton, and being insolvent, took the benefit of the insolvent debtor’s act, and assigned over-to his creditors the said bond, for payment of his debts.
Now it does not appear necessary to state any more of this case than what is done at present, to shew that the lands in hill mentioned must belong to the estate of Middleton, and not to that of Felder. In the year 1789 Felder sells them to Middleton — receives SOI. 10s. in pari payment, enters into r. bond to malee titles, and receives his bond to make payment; and then again, in the year 1.804, the same Felder by lira own act assigns over Middleton’s bond to bis creditors. What more could be done to complete the bargain ? What can be more .plain, than that by these proceedings Felder has divested himself cf the property, and vested it in Middleton? I will notenter into the question here, whether an equitable interest like the present is liable for debts : no authority has been cited to shew that it is not, and I believe that it 'has been settled that it is so ; but if not, it is high time it should. But further, inf the year 1800 an execution is taken out, and these lands are sold as the property of Felder, and purchased in at sheriff’s sale by his son John the defendant. Again, in 1802, they are resold by the same sheriff to satisfy the debts of Middleton, and bought in by the complainant. Both complainant and defendant have sheriff’s titles, and both titles are from John. Bynum. Complainant’s title is no doubt subsequent, *205 but he stands in the shoes of the creditors of Middleton, in whom the interest was vested in 1789; and Felder in those of his father’s creditors, who divested himself of ' the property at that time. This, however is not a question between the creditors, wherein it might be enquired whether Felder wasso.much indebted at the time that the sale should be set aside on a presumption of fraud ; but it is a question between two persons claiming under the original bargainor and bargainee. Then, I presume it will be of no consequence whether the sheriff’s title made to Felder be prior in point of time or not; since as I have before stated, the father had so long ago as the year 1789 divested himself of all claim to the land. Neither can the charge made against complainant and Middleton of laches, avail the defendant, because the defendant’s father by assigning Middleton’s bond so late as the year 1804, did an act confirming all the acts he had done before. In looking into the bill I find that complainant lias offered to pay the balance of Middleton’s debts to Felder the father; but I cannot see if he docs pay it, how the son can be entitled, as the father has received a quid pro quo, in Middleton’s bond, which ha has assigned and the creditors have received. If complainant does pay, it must be for the benefit of 'these; and I shall so decree, for although they are not parties they have judgments, and perhaps complainant will receive this advantage from making the payment, that he will not be further’disturbed by such creditors. Under all the circumstances above stated, I am of opinion that the lands in question should have been sold by the sheriff for the payment of the debts of Charles S. Middleton, and not those of II. Felder: Wherefore let the subscr- • quent conveyance made by the sheriff in 1802, be considered as the legal one, and the prior one be set aside, jam! lot the. defendant give up any papers which ho may have of his father’s to the complainant, should the same be necessary to complete his title.
It is also decreed, that it be referred to the commissioner t<> ascertain the balance still due, if any, on Middle ion’s bend, and that the complainant pay the same in *206 the assignee claiming priority, and to John Felder for so muc]j as he lias paid to the sheriff, at the sale j and let ^10 costs of this suit be paid by the defendant, John Fel-der; and those of the one which has abated be paid out of any monies which the complainant may have to pay over to the creditors to be taken out of it in the first instance-.
W. D. James,
Hart vs, Dukes.
The lands claimed by Michael Dukes make a part of those above mentioned, sold by Felder to Middleton* They were exchanged witli him by Felder for other lands, and the exchange was subsecpient to the sale to Middleton. It has not been pretended that Dukes has gained them by possession under the act of limitations; and therefore those lands claimed by Dukes, must be considered as liable under this decree to go as the other lands to complainant,
W. D, James.
From this decree there was an appeal on the following grounds:
First, — -That Middleton’s interest in the said lands is not such as is subject to the operation of an execution against the said Middleton’s property.
Second, — That if it were, yet John Felder being a fair and bona fide purchaser of said lands, under the execution of a judgment older than the bond to mhke titles from Henry Felder to Middleton, ought not to be disturbed in bis possession.
Third, — -That after so great a. lapse of time, the , court of equity will not decree the specific performance of the contract between Henry Felder and the said Middleton.
The appeal was heard by the. chancellors James’, Thompson, Dcsaussuro and Gaillard.
The court of appeals after argument delivered the ¿following degree;
Felder and Clifton for appellants. — Egan for re- ’ spondents.
* Decree unanimously i*cversed as it relates both to Felder and Dukes ; the court being of opinion that Wil-liman’s judgment was a legal lien on the land purchased by John Felder; and there being no evidence of fraud to shake the purchase made by John Fekler, and that Dukes was a lair purchaser without notice of the contract entered into between Henry Felder and Middleton. Respondents to pay costs.”